## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

NICHOLAS J. BARSON,

    Plaintiff,

v.

CREDIT COLLECTION SERVICES, INC. and
QUEST DIAGNOSTICS, INC.,

    Defendants.
_____/

CASE NO.: 2:19-cv-14399

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes NICHOLAS J. BARSON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDIT COLLECTION SERVICES, INC. ("CCS") and QUEST DIAGNOSTICS, INC. ("Quest") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for CCS's unlawful conduct.

2. Plaintiff also brings this action for damages pursuant to the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Quest's unlawful conduct.

### JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Florida a subtotal portion of the event that gave rise to this action occurred within the Southern District of Florida.

## PARTIES

5. Plaintiff is a consumer over 18 years-of-age residing in St. Lucie County, Florida, which is within the Southern District of Florida.

6. CCS identifies itself as a "debt collector."[1] CCS is a corporation organized under the laws of the State of Massachusetts, with its principal place of business located at 240 Commercial St., Suite 3A, Boston, MA 02109. CCS collects from consumers throughout the United States, including those in the State of Florida.

7. Quest offers medical services, and is engaged in collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers, including consumers located in the State of Florida. Quest is a corporation organized under the laws of the State of New Jersey with its principal place of business located 500 Plaza Drive, Secaucus, New Jersey 07094.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] https://self-service.ccsusa.com

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action stems from Defendants' attempts to collect upon a personal medical debt ("subject consumer debt") Plaintiff purportedly owed to Quest.

10. Several months ago, Plaintiff received medical services from Quest. Thereafter, Quest sent a collection letter to Plaintiff informing him that the bill for the aforementioned services was overdue for $88.30.

11. Quest's letter reflected an invoice number of 6380436324, which is a relevant identifier for the subject consumer debt.

12. In response to Quest's letter, Plaintiff drafted a check for the full outstanding balance and mailed it to Quest.

13. Thereafter, on or around June 11, 2019, Quest deposited Plaintiff's check.

14. Despite the fact that the subject consumer debt was paid in full, Quest turned over the subject consumer debt to American Medical Collection Agency ("AMCA") for collection.

15. On or around May 8, 2019, AMCA caused to be mailed a collection letter to Plaintiff in an attempt to collect upon the subject consumer debt.

16. AMCA's collection letter demanded payment of $88.30 and reflected 6380436324 as an invoice number.

17. Afterwards, the subject consumer debt was turned over to CCS for collections.

18. On July 16, 2019, CCS caused to be mailed a collection letter to Plaintiff in an attempt to collect upon the subject consumer debt. CCS's collection letter also included the 6380436324 invoice number.

19. Plaintiff has not received services from Quest since the medical treatment referenced in paragraph 10.

20. Plaintiff no longer owes the subject consumer debt. Consequently, Defendants have attempted to collect from Plaintiff for a debt that is no longer owed.

21. Frustrated over Defendants' conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST CCS)

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. CCS is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. CCS identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA, § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

4

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. CCS violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. It was deceptive and false of CCS to represent that there was an open balance for the subject consumer debt when Plaintiff submitted a payment in full several months beforehand. Consequently, CCS represented that it could collect from Plaintiff for a debt that is not owed.

### b. Violations of FDCPA, § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

34. CCS violated §1692f and f(1) when it unfairly suggested that it could collect from Plaintiff for a debt that is not owed. Because CCS was precluded from collecting upon the subject consumer debt, CCS's collection attempt(s) violated the FDCPA.

35. As pled in paragraphs 21 through 23, Plaintiff has been harmed and suffered damages as a result of CCS's illegal actions.

WHEREFORE, Plaintiff, NICHOLAS J. BARSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining CCS from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
(AGAINST QUEST)

36. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

37. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(8).

38. At all times relevant to this action Quest is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

39. At all times relevant to this Complaint, Quest was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

40. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

41. Quest violated sections 559.72(9) of the FCCPA through its unlawful conduct.

   a. **Violations of FCCPA, § 559.72(9)**

6

42. A person violates section 559.72(9) of the FCCPA when it claims, attempts, or threatens to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

43. Quest violated section 559.72(9) of the FCCPA when it repeatedly attempted to enforce a debt that was paid in full by employing the services of third party debt collectors. Therefore, on multiple occasions, Quest attempted to enforce a debt that was not legitimate as Quest received payment for the subject consumer debt before AMCA and CCS contacted Plaintiff.

WHEREFORE, Plaintiff, NICHOLAS J. BARSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Enter judgment in Plaintiff's favor and against Quest;

b.  Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c.  Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d.  Award Plaintiff and equitable relief, including enjoining Quest from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e.  Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f.  Enjoining Quest from further contacting Plaintiff seeking payment of the subject consumer debt; and

g.  Award any other relief this Honorable Court deems equitable and just.

Dated: September 11, 2019                    Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188

ataylor@sulaimanlaw.com
*Counsel for Plaintiff*